**Bertha MANZO et al.**

v.

**Fred MALONE et al.**

Supreme Judicial Court of Maine.

Nov. 2, 1979.

---

Libhart, Ferris, Dearborn & Willey by N. Laurence Willey, Jr. (orally), Brewer, for plaintiffs.

Vafiades, Brountas & Kominsky by Lewis V. Vafiades (orally), Bangor, for defendants.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY, NICHOLS and GLASSMAN, JJ.

GODFREY, Justice.

Plaintiffs appeal a judgment for the defendant, entered on the verdict of a jury, in an action in Superior Court, Penobscot County. Plaintiffs had sought damages for personal injuries to plaintiff Bertha Manzo when she fell out of an automobile driven by defendant Floyd Malone. Michael Manzo joined his wife's complaint as plaintiff in a count for loss of consortium. Antonette Malone was originally named a defendant as owner of the vehicle, but by consent of the parties at trial, the complaint was dismissed as to her.

From the evidence the jury could have found the following facts: Plaintiffs and defendants were friends. On the morning of January 11, 1977, Bertha asked Floyd for a ride to her mother's house. Because the roads were slippery that morning and plaintiffs' driveway sloped downhill, Bertha went to the highway to meet Floyd. After Floyd brought his car to a full stop, Bertha opened the door and got in the front seat, putting both her feet on the floor and her backside on the seat. She then pulled the door against the car to shut it, and Floyd started to drive away.

After the car was in motion, Bertha noticed that the door was not shut and exclaimed, "Hold it, Fats, the door isn't shut!" She reached across her body with her left hand to grab the armrest of the door. The door swung open and plaintiff fell out of the car on her hands and face, her legs remaining in the car. Injuries resulted to her arms and hands. On hearing Bertha's exclamation, Floyd began to stop the car. He did not apply the brakes with sudden force, and the car traveled a few feet before stopping.

The jury found for the defendant, and the court rendered judgment accordingly. This appeal followed the denial of plaintiffs' motion for a new trial. We deny the appeal.

Appellants assert that the jury finding was manifestly wrong or, alternatively, that the jury erred as a matter of law. In a case of comparative fault where the defendant's fault exceeds that of the claimant, the Maine comparative negligence statute, 14 M.R.S.A. § 156 (Supp.1978–79), provides that the jury is to decide the just and equitable extent to which damages must be reduced, having regard to claimant's share in the responsibility for the damage. Nothing in that provision limits the responsibility of the trial court or this

Court to review the jury's findings relative to liability where it is claimed that the evidence to support those findings is legally insufficient. *See Souza v. Bangor Hydro-Electric Co.,* Me., 391 A.2d 349, 353 (1978). A review of the record in this case shows that the verdict of the jury was supported by credible evidence on the basis of which the jury could have found that defendant Floyd Malone was not negligent or, if he was, that his causative fault was less than that of plaintiff Bertha Manzo. The jury would have been justified in finding that Bertha attempted to close the door before Floyd stopped the car and that she used her left hand instead of her right, which was close to the door. The jury could have inferred that her action left her somewhat off balance. Since the car door could have appeared to be shut before Floyd set the car in motion, his reaction to the situation could have been perceived as reasonable.

Appellants also urge that the trial justice committed reversible error by giving the jury an "emergency" instruction. They argue that the instruction was error because no emergency was generated as a matter of law. The evidence presented at trial does not support this argument. The jury could have found that an emergency existed as to either party or both, and the trial justice carefully mentioned that the instruction was applicable to either party.

The entry is:

Appeal denied.

Judgment affirmed.